**Handoko HADINOTO, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–5179–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

36

Ronald S. Salomon, New York, N.Y., for Petitioner.

Peter D. Keisler, Asst. U.S. Atty. General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Handoko Hadinoto, a native and citizen of Indonesia, seeks review of a October 10, 2006 order of the BIA affirming the April 21, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Hadinoto's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hadinoto,* No. A 96 261 739 (B.I.A. Oct. 10, 2006), *aff'g* No. A 96 261 739 (Immig. Ct. N.Y. City April 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, we lack jurisdiction to review the agency's finding that Hadinoto's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), except to the extent that he raises constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Here, Hadinoto merely challenges the IJ's factual determination that he has not established changed country conditions, and has not raised a question of law or constitutional claim in his petition for review; thus, we dismiss his petition for review with respect to his asylum claim. However, this limitation applies only to asylum claims and does not divest this Court of jurisdiction under § 1252(a) to review the agency's denial of withholding of removal. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir. 2006).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "con-clusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ Substantial evidence supports the BIA's and IJ's determinations that Hadinoto failed to meet his burden of proof for withholding of removal. The IJ considered Hadinoto's claims that (1) during a riot in 1998, native Indonesians shouting anti-Chinese slurs, stoned his house, and damaged his roof, and (2) he and his family fled to the home of relatives out of fear during several native Indonesian demonstrations in their neighborhood. The IJ appropriately observed that Hadinoto did not suffer any physical harm during these events and merely indicated that he had been fearful at the time. Thus, the IJ reasonably found that these incidents did not amount to persecution on account of either Hadinoto's ethnicity or religion. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above "mere harassment").

While the IJ did not specifically analyze each of the additional incidents that Hadinoto described in his asylum application, including robberies and beatings in the 1970s and 1980s, the IJ and BIA both acknowledged these allegations. *See Cao He Lin,* 428 F.3d at 403. Furthermore, the BIA reasonably concluded that Hadi-

noto's claims in the aggregate did not constitute persecution, as "isolated criminal acts" by unknown assailants that only result in the theft of personal property or minor injury are generally not sufficiently severe to be considered persecution. *See Lie v. Ashcroft,* 396 F.3d 530, 535–36 (3d Cir.2005); *see also Xiao Ji Chen,* 471 F.3d at 338 n. 17 (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented). As a whole, the record does not compel the conclusion that Hadinoto established past persecution. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

█ Likewise, substantial evidence supports the agency's determination that Hadinoto failed to establish a pattern or practice of persecution against ethnic Chinese Christians such that Hadinoto would be more likely than not to suffer persecution. *Cf.* 8 C.F.R. § 1208.16(b)(2)(ii). The IJ specifically stated that he reviewed all of the background materials and then concluded that they did not establish a pattern or practice of persecution, and Hadinoto has not demonstrated that the IJ overlooked any critical evidence in reaching his conclusion. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006); *Xiao Ji Chen,* 471 F.3d at 338 n. 17. The background documents support the IJ's conclusion that conditions in Indonesia have improved and do not compel a conclusion that a pattern or practice of persecution exists against ethnic Chinese Christians. The 2002 and 2004 State Department Country Reports on Human Rights Practices for Indonesia do mention some violence against Chinese and Catholics, but that they also indicate a marked decline in the frequency and severity of such events after 2000. The IJ's conclusion is consistent with recent decisions by both the BIA and other circuit courts. *See Lie,* 396 F.3d at 537–38; *Matter of A–M–,* 23 I. & N. Dec. 737, 741 (B.I.A.2005). Moreover, the IJ also properly relied on the fact that Hadinoto's family remains in Indonesia and there is no evidence that they have experienced any difficulties on account of their ethnicity or religion. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).

█ Hadinoto did not challenge the IJ's denial of CAT relief to the BIA or this Court. As petitioners must raise claims to the BIA to preserve them for judicial review, and as we normally do not consider claims not addressed in a petitioner's brief, we deem this claim waived. *See* 8 U.S.C. § 1252(d)(1); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).